CANTERO FERNÁNDEZ & Co., INC., ETC., Plaintiff and Appellee,
v. GERARDO BALDRICH CORREA, Defendant and Appellant.

No. 6835. Argued January 15, 1936.—Decided January 23, 1936.

*Carlos del Toro Fernández* for appellant. *Besosa & Besosa* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Eugenio Fernández, receiver of Cantero Fernández & Co., Inc., brought, in the name of that corporation, an action of debt against Gerardo Baldrich Correa. In the complaint it was alleged:

"That about March 1929, Mrs. Mercedes de la Torre had a current account with the corporation Cantero Fernández & Co., Inc., at which time the defendant, Gerardo Baldrich Correa, was an employee of the plaintiff corporation herein.

"That on or about that same date, the defendant in this case purchased a house from Mrs. Mercedes de la Torre, and bound himself to pay to the latter the sum of $935.

"That in connection with such payment it was agreed between the plaintiff corporation, Cantero Fernández & Co., Inc., and the defendant, Gerardo Baldrich Correa, and Mrs. Mercedes de la Torre, that the plaintiff corporation would credit the sum of $600 to the current account of Mrs. Mercedes de la Torre with the plaintiff herein, Cantero Fernández & Co., Inc., and that defendant Gerardo Baldrich Correa would deliver to said lady the receipt for $600 as a part of the sum of $935 in cash or proceeds that the defendant, Gerardo Baldrich Correa, was to pay for the purchase of said house, the said sum of $600 to be debited to the account of the defendant, Gerardo Baldrich Correa, by the corporation Cantero Fernández & Co., Inc."

"That said transaction was carried out, and the account of Mercedes de la Torre was credited with the sum of $600, which in turn was debited by the plaintiff corporation to the account of Gerardo Baldrich Correa, who bound himself to pay said debt to the plaintiff corporation in instalments.

"That defendant Gerardo Baldrich Correa has never made any payment on the aforesaid account of $600, notwithstanding the repeated demands made by the plaintiff, Cantero Fernández & Co., Inc., upon Gerardo Baldrich Correa, for the payment of said sum.

"That neither the defendant nor anyone in his behalf has paid said sum of $600, or any part thereof, to the plaintiff herein."

Gerardo Baldrich Correa, who was the party served with summons by the marshal, filed a motion to strike certain particulars of the complaint, which was denied. He then filed an answer denying the essential averments of the complaint.

The issue having thus been joined, the plaintiff at the commencement of the trial stated that it was not the named defendant but his son the person against whom the cause of action exercised should be directed. While Mrs. Mercedes de la Torre was testifying, a letter written by her and addressed to Cantero Fernández was offered in evidence. Defendant Gerardo Baldrich Correa objected to the admission of said letter, as it referred to one Gerardo Baldrich, without it having been shown that such person was the same Gerardo Baldrich Correa made a defendant in the action. This last-named person appeared in court at the request of his attorney, to be identified by Mrs. Mercedes de la Torre, who stated that he was not the person concerned in the matter. The plaintiff then pointed to Gerardo Baldrich y Gómez, who was also present at the trial, and he was identified by Mrs. de la Torre as the person with whom she carried out the transaction. From the evidence introduced it appears that he is the son of Gerardo Baldrich y Correa. The marshal who made the service of the summons testified that he had served the father and not the son. The plaintiff then requested a continuance and asked leave to amend the complaint so as to bring the action against the son of Baldrich, and stated that

that was his intention from the beginning and that the father had been sued by mistake. The district court rendered judgment for the defendant, as it was of the opinion that the complaint could not be amended, and absolved the plaintiff from the payment of the costs incurred by the defendant. It is this last pronouncement which gave rise to the present appeal. It is urged that the lower court erred in rendering judgment without special imposition of costs. The court *a quo* based its decision on the grounds that there was no temerity on the part of the plaintiff, and that the defendant had failed to act properly, as he had not apprised the plaintiff of the mistake in which he had incurred, in order to avoid the expenses and costs on his part.

We have repeatedly held that the imposition of costs is a matter that rests in the sound discretion of the trial court. This discretion can not be arbitrary, and should be judiciously exercised, bearing in mind the degree of culpability, if any, of the losing party. In the case of *Goffinet* v. *Polanco*, 32 P.R.R. 833, the pronouncement of costs against the plaintiffs was reversed because it was shown that they did not act in bad faith or with temerity. In the case at bar, the appellee sued the father by mistake, when its intention had been to exercise its action against the son. Both relatives bear the same name of Gerardo Baldrich, but their maternal surnames are distinct. There is no doubt that there was no obstinacy (*temeridad*) or bad faith on the part of the plaintiff. However, the absence of temerity or bad faith is not the only circumstance to be considered where a person entirely foreign to the action brought is sued. Ordinarily, the plaintiff in such case must suffer the consequences of his own acts and reimburse to the person wrongly sued the costs which the latter may have incurred by reason of the former's mistake. In the instant case, however, there are certain circumstances that can not be overlooked by us in considering the decision of the lower court. The nominal defendant, who was the

father of the person intended to be sued, did not seem to be surprised by the fact that a demand was made upon him for the fulfillment of an obligation which he had not contracted. He did not appear in court immediately to adopt the attitude of an innocent person against whom judicial action has been taken. On the contrary, he filed a dilatory motion to strike out the fourth paragraph of the complaint, on the ground that it was immaterial and irrelevant, in accordance with section 123 of the Code of Civil Procedure. The paragraph which was sought to be stricken out reads thus: "That the defendant herein, Gerardo Baldrich Correa, is of legal age and domiciled in San Juan, Puerto Rico." This averment, even if it were considered as superfluous, is so trivial and harmless that it is difficult to understand why a person who has been unjustly and wrongly sued, should request its elimination, thus unnecessarily delaying the proceedings. Subsequently, said defendant filed a skilfully-prepared answer, wherein upon information and belief he denied that about the month of March 1929, or on any other date, Mrs. Mercedes de la Torre had any current account with Cantero Fernández & Co., Inc., and also denied positively that the defendant had ever been employed by Cantero Fernández & Co., Inc. He denied that in March 1929, or on any other date, he had purchased a house or any other property or thing, from Mercedes de la Torre, or that he was bound to make any payment whatsoever on that account or otherwise, and denied that he had agreed with the plaintiff corporation and with Mercedes de la Torre that the former should credit the latter with the sum of $600 or any other sum on her open account or for any purpose, and that the said $600 should be charged to the account of the defendant herein. The complaint, which is not verified, was specifically denied. The defendant, who could have denied generally the facts set forth in the complaint, and with which he had no connection whatsoever, preferred to answer specifically, and began by

denying that Mercedes de la Torre ever had an account with Cantero Fernández & Co., Inc. The father and the son were present at the trial. Both were pointed out to Mrs. Mercedes de la Torre, who identified the son as the person with whom she had transacted the business referred to in the complaint. It is strange that the son, accompanied by his father, should appear in court at the very moment when the trial of the case was to take place, and that the father should have been ignorant of the fact that the allegations of the complaint regarding the purchase of the house and the partial payment thereon, related to transactions in which Mrs. Mercedes de la Torre, Cantero Fernández & Co., Inc., and his aforesaid son had participated. More than three months elapsed, from the time suit was brought until the date of the trial, without the mistake made having been discovered. These circumstances do not show good faith or sound intentions on the part of the defendant. In this situation, we can not say that the lower court erred in rendering judgment without imposing costs, in the exercise of its discretionary powers.

The judgment appealed from must be affirmed.